**Henry A. VICKERS**

v.

**GRAY & CO., INC., et al.**

**Nos. 1:89–CV–0817, 1:89–CV–0824.**

United States District Court,
E.D. Texas,
Beaumont Division.

April 4, 1991.

38

Alto V. Watson, III, Reaud Morgan & Quinn, Beaumont, Tex., for plaintiff.

Gregory M. Sullivan, Western Geophysical, Steven L. Roberts, Fulbright & Jaworski, Houston, Tex., David Eric Bernsen, Benckenstein Norvell Bernsen & Nathan, Jon B. Burmeister, Moore Landrey Garth & Jones, Beaumont, Tex., for defendants.

## MEMORANDUM ORDER

COBB, District Judge.

On September 19, 1985, while employed by defendant J.J. Flanagan Stevedores (J.J. Flanagan), the plaintiff Henry Vickers (Vickers) sustained an on-the-job injury. Vickers was covered by the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 *et seq.* Vickers filed a claim for compensation under the LHWCA, and was paid $63,121.73 in compensation benefits and medical expenses between the date of the injury and September 3, 1989. At that time, J.J. Flanagan ceased paying benefits. Vickers filed another claim, which according to all parties is still pending before the U.S. Department of Labor.

Vickers sought approval for back surgery subsequent to his injury. Vickers alleges the approval was not timely given, and his condition worsened as a result of delaying the surgery. Vickers filed one lawsuit in state court, making tort claims for the injuries he claims to have suffered. That suit was removed twice to federal

court, apparently by clerical error, and designated as both B–89–0817–CA, and B–89–0824–CA. These two cases were later consolidated. The fact this case arrived in federal court in duplicate should have indicated to this court the type of motion filing which would ensue.

From the relatively simple facts, the parties have managed to create an incredibly complex paper labyrinth. To date, the parties have filed two motions to dismiss, one motion for summary judgment, two motions to compel, one motion for protective order and *in camera* inspection, one motion in reconsideration of motion to remand, two motions to file amended complaints (which would be the third and fourth amended complaints), and most remarkably, six motions for sanctions. All of these motions have been supplemented by a flurry of correspondence, some of which has sunk to a remarkable level of petty bickering.[1] In order to achieve a long enough respite to actually review and make a ruling on the pending motions, the court was forced to order the parties to file no more motions for sanctions until those pending could be ruled upon. The court will now attempt in this order to dispose of all pending motions.

### 1. Defendants' Joint Motion to Dismiss

■ All defendants filed a motion to dismiss on the basis that the LHWCA preempts any other tort claims. The court needs additional information beyond the pleadings to decide the merits of the defendants' claim of pre-emption. Accordingly, defendants' joint motion to dismiss is DENIED.

### 2. Plaintiff's First Motion for Sanctions

■ The plaintiff filed his first motion for sanctions alleging that the defendant

---

1. A few examples should suffice to illustrate the general tone:
   1. From a letter dated January 4, 1991, to opposing counsel, "It seems that anything I do you do not like in this case."
   2. From a letter dated February 20, 1991, to the court, "Undeterred by their frivolous objections, the defendants have sought answers and sanctions...."
   3. The continuing submission of various state court cases from all over the country on points only vaguely related to the subject of this litigation.

Tom Abercrombie, named individually and as agent for Abercrombie, Simmons & Clark, failed to respond adequately to written interrogatories and requests for production. This court heard oral argument on this matter and reviewed the requested materials *in camera.* The motion for sanctions is DENIED.

### 3. Motion for Summary Judgment of Defendants

### Tom Flanagan, J.J. Flanagan Stevedores,

### Tom Abercrombie, and Abercrombie, Simmons & Clark

Defendants Tom Flanagan (Flanagan), J.J. Flanagan, Tom Abercrombie (Abercrombie), and Abercrombie, Simmons & Clark (AS & C) seek summary judgment against the plaintiff. These four defendants argue first that Vickers's suit is preempted by the LHWCA, and argue second that any wrongful denial of compensation or medical benefits was made by Gray & Co., Inc., J.J. Flanagan's insurance carrier.

The plaintiff's claims are all state claims based on bad faith handling of an insurance claim, with an additional federal claim for violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968. The claims of bad faith handling of an insurance claim require the party sued to be a party to the insurance contract. *Schoonover v. West American Ins. Co.,* 665 F.Supp. 511 (S.D. Miss.1987). The only defendant that was a party to the insurance contract is Gray & Co., Inc.

Turning to the RICO claims, Vickers has utterly failed to allege a pattern of prohibited conduct, as required. Numerous uses of the mail in regard to only one claim cannot constitute a pattern. *Tellis v. U.S. Fidelity & Guar. Co.,* 826 F.2d 477 (7th Cir.1987).

Having reviewed the motion for summary judgment, exhibits, and response, the court finds summary judgment should be, and is hereby, GRANTED to defendants Tom Flanagan, J.J. Flanagan Stevedores,

Tom Abercrombie, and Abercrombie, Simmons & Clark.

### 4. Motion to Dismiss and for Sanctions of

### Defendant Chris Gleasman, named individually

### and as Agent for Gray & Co., Inc.

Defendant Chris Gleasman (Gleasman) moves for dismissal and for sanctions against the plaintiff. Gleasman is an employee of Gray & Co., Inc. At the time plaintiff alleges the wrongful acts took place, Gleasman was an employee of Abercrombie, Simmons & Clark. As with the previous defendants, Gleasman was not a party to Vickers' insurance contract with Gray & Co., Inc. Accordingly, the motion to dismiss of defendant Chris Gleasman is GRANTED.

The motion for sanctions is DENIED.

### 5. Motion for Protective Order and In Camera Inspection

Defendants Flanagan and J.J. Flanagan have moved for protection from certain discovery requests made by the plaintiff. Because those defendants are no long part of this lawsuit, this motion is MOOT.

### 6. Motion for Reconsideration of Motion to Remand

This case clearly involves a federal question, arising as it does from the LHWCA and RICO. The plaintiff's motion to reconsider the motion to remand is DENIED.

### 7. Motion to Compel and for Sanctions of

### Defendants Abercrombie, Gleasman & AS & C

These defendants are no longer part of the lawsuit. Accordingly, their motion to compel is MOOT. Their motion for sanctions is DENIED.

**40**

### 8. Motion to Compel and for Sanctions of Defendant Floyd Sibley

The plaintiff has agreed to supplement responses to interrogatories. Accordingly, this motion is MOOT.

### 9. Plaintiff's Motions to Amend Complaints,

### For Third and Fourth Times

Vickers filed a motion for leave to file a fourth amended complaint one month after filing a motion for leave to file a third amended complaint. Accordingly, the motion for leave to file third amended complaint is MOOT. The motion for leave to file fourth amended complaint is DENIED, since many of the defendants named therein are no longer part of this lawsuit.

### 10. Second Motion for Sanctions of Defendants

### Abercrombie, Gleasman and AS & C

These defendants are no longer part of this case. This motion is DENIED.

### 11. Vickers' Counter–Motion for Sanctions

Vickers seeks sanctions against Steven L. Roberts, attorney for defendants Abercrombie, Gleasman, and AS & C and against each of those defendants individually. This court does not find as a matter of law that FED.R.CIV.P. 11 has yet been violated in this case. Accordingly, the counter motion for sanctions is DENIED. This court advises all counsel, however, that more professional behavior is expected of all attorneys who appear in federal court.

### CONCLUSION

This case proceeds against two remaining defendants, Floyd Sibley and Gray & Co., Inc. The parties may now file whatever motions they deem necessary.